

DISTRICT COURT
**FILED**

JAN 2 9 2002

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| TOMMIE MURPHY-ROBERTSON, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>CONSOLIDATED STORES )<br>CORPORATION, dba BIG LOTS, )<br>Defendant. ) | Case No. CJ 2001 06066<br>Jury Trial Demanded |

## AMENDED PETITION

**COMES NOW** Tommie Murphy-Robertson ("Plaintiff"), to demand damages of Consolidated Stores Corporation, dba Big Lots ("Defendant" or "Big Lots"), for hostile work environment retaliation; for negligent hiring, supervision, and retention; and for Title VII discriminatory conduct resulting in her constructive termination contrary to the Civil Rights Act of 1964, as amended, in support of which claims she states:

### JURISDICTION AND VENUE

1. This action is brought and jurisdiction lies pursuant to 42 U.S.C. section 2000e-5. Venue is proper in this District.

2. Plaintiff is a female of United States citizenship and birth residing at 401 East 44th Street # 37, Stillwater, OK 74074, and was at all times relevant to this Petition an employee of Defendant as defined in 42 U.S.C. section 2000e.

3. The acts complained of took place in Tulsa County.

4. Defendant is an employer as defined in 42 U.S.C. section 2000e, and is a corporation doing business in the State of Oklahoma, including Tulsa County.

EXHIBIT A

5. The amount in controversy exceeds $10,000.00 exclusive of costs and interests.

6. Plaintiff timely filed a written complaint of discrimination with the Equal Employment Opportunity Commission and received a right to sue letter (Exhibit A). All conditions precedent to the filing of this lawsuit have been fulfilled (Exhibit B).

## FIRST CAUSE OF ACTION:
## HOSTILE WORK ENVIRONMENT RETALIATION

7. Plaintiff was a qualified female employee of Defendant during the period of May 14, 1998, until on or later than September 7, 2000.

8. During this period, Plaintiff was the victim of unlawful gender-bias discrimination. She encountered a sexually hostile work environment, and was subjected to unequal and unfavorable working conditions, unwelcome sexual harassment in the nature of sexually hostile, demeaning, and humiliating comments about women in her presence. She was also subjected to harassing tactics that denied her the legitimate on-the-job promotion and benefits that should have been hers

9. Plaintiff reported these unfavorable and discriminatory working conditions to those at Defendant whose responsibility it was to put an end to them, but Defendant refused to correct the hostile work environment

10. Defendant willfully and maliciously caused Plaintiff's constructive termination in or about September 7, 2000, a significant factor in which termination was her reporting of the unfavorable and discriminatory working conditions she suffered on the job.

11. Plaintiff's lack of promotion at work and the other harassment practiced

against her, together with her termination, were contrary to the provisions of Title VII of the Civil Rights Act of 1964, as amended.

12. Plaintiff suffered embarrassment, humiliation, and other forms of mental and emotional distress, and loss of income and benefits as a consequence of Defendant's unlawful conduct.

13. Plaintiff demands damages from Defendant Big Lots in an amount in excess of $10,000.00, together with punitive damages, her costs, interest, attorney's fees, and such other recompense as this Court finds in the interests of justice.

## SECOND CAUSE OF ACTION:
## NEGLIGENT HIRING, SUPERVISION, AND RETENTION

14. Plaintiff hereby incorporates by reference paragraphs 1-12, above.

15. Defendant was negligent and failed to exercise ordinary care in the hiring, supervision, and retention of the harassing personnel who caused the damages above outlined.

16. Defendant was timely advised of these facts, but chose to reward rather than punish those who perpetrated the conduct that caused Plaintiff's embarrassment, humiliation, and other forms of mental and emotional distress. After ratifying the unlawful conduct, Defendant further punished the victim, Plaintiff, with the loss of her income and benefits.

17. These negligent bad faith actions carried out by Defendant in reckless disregard of Plaintiff's health, welfare, and civil rights, also constituted misfeasance and/or malfeasance and caused Plaintiff embarrassment, humiliation, and other forms of mental and emotional distress, together with a loss of income and benefits.

18. Plaintiff demands damages from Defendant Big Lots in an amount in excess of $10,000.00, together with punitive damages, her costs, interest, attorney's fees, and such other recompense as this Court finds in the interests of justice.

### THIRD CAUSE OF ACTION:
### TITLE VII SEXUAL DISCRIMINATION

19. Plaintiff hereby incorporates by reference paragraphs 1-16, above.

20. Defendant's actions as they are above alleged constitute sexual discrimination contrary to Title VII of the Civil Rights Act of 1964, as amended.

21. Defendant's actions were carried out in bad faith in accordance with a systemic policy and practice of willfully harassing women, denying them promotions, ignoring their reports of unlawfully discriminatory conduct in the workplace, and forcing them out of a job, all of which were carried out with the intention of vexatiously oppressing the women employees of Defendant in a gross and willful disregard of their known rights.

22. Plaintiff demands damages from Defendant Big Lots in an amount in excess of $10,000.00, together with punitive damages, her costs, interest, attorney's fees, and such other recompense as this Court finds in the interests of justice.

WHEREFORE, Plaintiff prays for judgement against Defendant for hostile work environment retaliation, including her termination; for negligent hiring, supervision, and retention; and for Title VII discriminatory conduct, in an amount in excess of $10,000.00, together with punitive damages, her costs, interest, attorney's fees, and such other recompense as this Court finds in the interests of justice.

Respectfully Submitted,

_____
Robt. S. Coffey # 17001
1927 South Boston 204
Tulsa, OK 74119
(918)    582-1249
and
Catherine Gatchell Cooper #3288
406 South Boulder, Suite 400
Tulsa, OK 74103
(918)    599-7737

**Attorney's lien claimed**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Tommie Murphy-Robertso<br>1007 E. RIDGECREST AVE<br>STILLWATER, OK 74075 | From: E.E.O.C<br>Oklahoma City Area Office<br>210 Park Avenue, Suite 1350<br>Oklahoma City, Oklahoma 73102-2655 |
|---|---|

[ ] On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 311A10946 | Kevin W. Kelly | (405) 231-4353 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
[ ] We cannot investigate your charge because it was not filed within the time limit required by law.
[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
[ ] While reasonable efforts were made to locate you, we were not able to do so.
[ ] You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
[ ] Other (briefly state) _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_Joyce Davis Powers, Director_   August 13, 2001
(Date)

Enclosure(s)

cc: MACFEUGALS/BIG LOTS #4378
10131 EAST 71ST STREET
TULSA, OK 74133

EEOC FORM 161 (Rev 09/97)   CHARGING PARTY COPY

EXHIBIT A

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| TOMMIE MURPHY-ROBERTSON, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONSOLIDATED STORES | ) |
| CORPORATION, dba BIG LOTS, | ) |
| Defendant. | ) |

### AFFIDAVIT OF TOMMIE MURPHY-ROBERTSON

I, Tommie Murphy-Robertson, of lawful age, do hereby swear and attest that I received my Notice of the Right to Sue on August 16, 2001.

FURTHER AFFIANT SAYETH NAUGHT.

*Tommie Murphy-Robertson*
Tommie Murphy-Robertson

STATE OF OKLAHOMA   )
                    )
COUNTY OF TULSA     )

Subscribed and sworn to before me this 13th day of November, 2001.

*Notary signature*
Notary Public

My Commission Expires:

2-11-04

EXHIBIT B